## JURISDICTION IN AN ACTION FOR INJURY BY A MOTOR VEHICLE.

Court of Appeals for Fairfield County.

ALONZO MURDOCK V. S. G. SAUM.*

Decided, March Term, 1915.

*Justice of the Peace—Jurisdiction of, if Any Has Been Conferred—In Actions for Injuries Caused by Motor Vehicles.*

Section 6308, providing that actions for injury to a person or property, caused by the negligence of the owner of a motor vehicle, may be brought in the county wherein the injured person resides, does not confer jurisdiction on a justice of the peace in a township other than the one where the injury complained of occurred.

*J. H. Fultz.* for plaintiff in error.
*J. E. Powell,* contra.

HOUCK, J.

This is a proceeding in error to reverse a judgment of the common pleas court of this county in affirming a judgment of a justice of the peace.

Suit for $25 was brought before a justice of the peace of Richland township, Fairfield county, Ohio, wherein S. G. Saum sought to recover damages from the plaintiff in error, Alonzo Murdock, for injuries to said Saum's buggy, claimed to be the

---

*Motion to require the Court of Appeals to certify its record in this case overruled by the Supreme Court, June 4, 1915.

result of said Murdock driving his automobile against said buggy, thereby breaking and injuring same. The action was attempted to be brought under favor of Section 6308 of the General Code.

Murdock resides in Perry county, Ohio, and Saum in Richland township, Fairfield county, Ohio. Summons for the defendant Murdock was issued by the justice of the peace to the sheriff of Perry county, Ohio, and Murdock filed a motion attacking the jurisdiction of the justice of the peace, claiming he was without jurisdiction of the subject-matter of the suit. The motion was overruled and exceptions taken. A trial was had, and judgment rendered in favor of the plaintiff Saum for $25.

Error was prosecuted to the common pleas court, and the judgment was affirmed, and error is now prosecuted to this court to reverse the judgment of the common pleas court in affirming the judgment of the justice of the peace.

In Ohio the justice's court is a tribunal with limited authority, and is to be strictly held within the limits of the prescribed jurisdiction, and its records must affirmatively show the facts establishing jurisdiction.

A justice of the peace has no power, authority or jurisdiction, except that given by statute, and the powers being purely statutory, therefore, before he can render a valid judgment he must have jurisdiction of the subject-matter of the action.

Section 10223 of the General Code provides:

"Unless otherwise directed by law, the jurisdiction of justices of the peace, in civil cases, is limited to the township wherein they have been elected, and wherein they reside."

We have before us the bill of exceptions containing all the testimony taken before the justice, the bill of particulars and all the original papers in the case, and we have carefully examined them.

The bill of particulars does not allege that the injuries complained of occurred in Richland township, Fairfield county, Ohio, and the evidence, as presented by the record, does not establish that fact.

It can not properly be claimed that Section 6308 of the General Code confers jurisdiction in a justice of the peace in a town-

ship of his county other than where the injuries complained of occurred. The injuries complained of in this case, so far as the record discloses, did not occur and were not made in the township wherein the justice of the peace resided, and for which he had been elected, as required by Section 10223 of the General Code; therefore the justice of the peace had no jurisdiction of the subject-matter of the action, and could not legally act in the premises.

In passing upon this case we do not deem it necessary for a proper determination of the question involved herein to say what jurisdiction, *if any*, is given a justice of the peace under Section 6308 of the General Code, and therefore do not attempt to do so.

We are of the opinion that the justice of the peace had no jurisdiction of the subject-matter of the suit, and the judgment of said justice is reversed, and the judgment of the common pleas court in affirming the said judgment of the justice of the peace is reversed, at the costs of defendant in error.

This cause is remanded to the common pleas court for further proceedings according to law.

SHIELDS, J., and POWELL, J., concur.